**HAWAII MANAGEMENT ALLIANCE ASSOCIATION, a Hawaii nonprofit corporation; AB & Associates, Inc., a Hawaii corporation; Hawaii Western Management Group, Inc., a California corporation; Baptisle Insurance Group, Inc., a Hawaii corporation; Hawaii Management Alliance Benefits and Services, Inc., a Hawaii corporation, Plaintiffs–Appellants,**

v.

**Todd MEEK, Defendant–Appellee.**

No. 05–16866.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2006.*

Filed July 11, 2006.

Andrew J. Weill, Esq., Marc Samuel Mazer, Esq., Leslie J. Gordon, Esq., Sharon E. How, Benjamin, Weill & Mazer, San Francisco, CA, for Plaintiffs–Appellants.

Ed Hendricks, Esq., Phoenix, AZ, Henry S. Noyes, Esq., Villa Park, CA, for Defendant–Appellee.

Before: THOMAS and W. FLETCHER, Circuit Judges, and

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

MAHAN,** District Judge.

### MEMORANDUM ***

■ Appellants, Hawaii Management Alliance Association ("HMAA"), a group of insurance companies doing business in Hawaii, appeal the district court's award of attorney's fees to appellee, Todd Meek. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

The district court did not err when it awarded attorney's fees to Meek pursuant to the 1996 Confidentiality Agreement. Although HMAA did not mention the 1996 agreement in its amended complaints, the categories of information it sought to protect through those complaints were substantially similar to the information protected by the 1996 agreement. Further, the language of the 1996 agreement is broad, both in its statement that the "Agreement is intended for the protection of employer's confidential information and trade secrets" and its provision that "[t]he prevailing party in any legal action or proceeding arising out of this Agreement shall be entitled to recover from the other, reasonable attorney's fees and cost of suit affixed by the court." The agreement does not limit the recovery of fees to cases for breach of the agreement.

■ Further, the district court did not clearly err when it found that Meek was legally obligated to repay his employer, NevadaCare, for the attorney's fees it had paid on his behalf. Although Nevada Revised Statute § 78.7502 provides for the mandatory indemnification of a corporation's officer or employee when he is successful in defending litigation related to his employment, there is nothing to prevent Meek from agreeing to pay back those fees.

The cases that appellant cites to support its position that Meek should nonetheless be prevented from collecting fees are distinguishable. *See United States v. Paisley,* 957 F.2d 1161 (4th Cir.1992); *S.E.C. v. Comserv Corp.,* 908 F.2d 1407 (8th Cir. 1990). Neither case involves a situation where the party awarded fees is legally required to pay back the party who has paid for the attorney's fees. In fact, *Comserv* considers the possibility that a prevailing party may transfer fees awarded to him to the entity that indemnified him. 908 F.2d at 1413–14.

**AFFIRMED.**

---

** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

